■ In the Matter of JESSIE M. CORR, Respondent, v. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, and DEPARTMENT OF SOCIAL SERVICES, STATE OF NEW YORK, Appellant.— In a proceeding pursuant to article 78 of the CPLR to review (1) a determination of the New York State Department of Social Services, dated April 24, 1972, which affirmed a determination of the Westchester County Department of Social Services, dated January 18, 1972, denying petitioner's application for medical assistance, and (2) said January 18, 1972 determination, the appeal is by the New York State Department of Social Services, as limited by its brief, from so much of a judgment of the Supreme Court, Westchester County, dated October 5, 1972, as, on reargument, (a) adhered to the original decision granting the petition, annulled both determinations and directed both said Departments to provide medical assistance to petitioner and reimbursement for medical expenditures made since January 17, 1972, when petitioner applied for medical assistance, and (b) denied

appellant's motion to transfer the proceeding to this court. Judgment reversed insofar as appealed from, on the law, without costs, petition dismissed on the merits, determinations confirmed and appellant's motion dismissed as academic, without costs. Petitioner's application for medical assistance was denied by the Westchester County Department of Social Services on the ground of nonresidency (Social Services Law, § 366). On administrative appeal and after a statutory hearing, this denial was affirmed by the State Department of Social Services on the further ground that an out-of-state welfare district was responsible for petitioner's medical assistance (Social Services Law, § 62, subd. 5, par. [d]). Special Term held the latter statutory provision inapplicable to a person who had formerly resided in another State and, upon reargument, further held that section 366 (subd. 1, par. [b]) did not bar petitioner from eligibility, because, as the court found, petitioner was returning to New York to reside here permanently and did not come into the State for the purpose of receiving medical care. The critical facts were established at the "fair hearing" and are not in dispute. Petitioner is 88 years old and resided for most of her life in Westchester County. In 1962 she sold her home in Westchester County and moved to New Jersey to live with her son and his wife in a rented home. In New Jersey, petitioner suffered from and was permanently disabled by generalized arteriosclerosis, requiring contant medical attention for her condition. Her daughter-in-law died and, later, so did her son. From time to time petitioner visited her relatives in Westchester County and in Manhattan. On November 12, 1971 she was transported from her home in New Jersey directly to a hospital in New York City. On November 19, 1971 she was transferred directly from the hospital to a nursing home in Westchester County, where she now lives and receives medical treatment. She never stayed, not even for a single day, at any place in the State of New York which she could call her home. In our oponion, medical assistance was properly denied. Section 118 of the Social Services Law provides that "The continuous residence required * * * to establish liability for payment for hospital or other institutional care shall not include any period during which the person was (a) a patient in a hospital, or (b) an inmate of * * * any incorporated private institution". Since petitioner's arrival in New York she has spent all of her time in either a hospital or private institution and has not thereby acquired residency in New York for the purpose of medical assistance. Section 366 of the Social Services Law provides: "1. Medical assistance shall be given under this title [title 11 of article 5 of the Social Services Law] to a person who requires such assistance and who * * * (b) is a resident of the state * * * provided that such person did not enter the state for the purpose of obtaining such medical care". It follows that petitioner is not eligible for medical assistance by reason of her nonresidency. Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.